UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHELLE NICOLE BONET,

Plaintiff,

v.                                                                    22-CV-300 (JLS) (JJM)

A. ANNUCCI, Former Acting
Commissioner of the Department of
Corrections and Community
Supervision (DOCCS), D.
VENETTOZZI, DOCCS Director of
Special/Inmate Disciplinary Program,
S. SQUIRES, Superintendent of Albion
Correctional Facility, P. CIULLA,
Deputy of Programs, Albion
Correctional Facility, P. BARHITE,
Senior Offender Rehabilitation
Coordinator, Albion Correctional
Facility,

Defendants.

_____

## DECISION AND ORDER

Plaintiff Michelle Bonet commenced this action on April 12, 2022, raising claims

in relation to allegedly false positive drug tests and the resulting discipline that she

received because of them during her incarceration at the Albion Correctional Facility

in 2019.  *See* Dkt. 2.  Plaintiff filed an amended complaint on June 6, 2022.  Dkt. 10.

Plaintiff filed a second amended complaint on May 17, 2024.  Dkt. 13.  The case has

been referred to United States Magistrate Judge Jeremiah J. McCarthy for all

proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).  Dkt. 22.

On February 2, 2025, Defendants moved to dismiss Plaintiff's second amended complaint for failure to state a claim. Dkt. 21. Plaintiff opposed the motion, Dkt. 30, and Defendants replied. Dkt. 31. On September 25, 2025, Judge McCarthy issued a Report and Recommendation ("R&R") addressing the motion to dismiss. Dkt. 32. He recommends that this Court grant Defendants' motion to dismiss in part, and that Plaintiff's "Second, Fourth, and Fifth Causes of Action" be dismissed. Dkt. 32 at 32, 20–22, 27–28, 29–31. He further recommends that Plaintiff's "First and Third Causes of Action sounding in due process remain in place as to defendants Barhite, Ciulla, and Annucci" in their individual capacities. *Id.* at 32, 12–19, 22–27. Finally, he recommends that "the other named defendants be dismissed from this action." *Id.* at 32. Neither party filed objections, and the time to do so has expired. *Id.*

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R and, based on that review, and in the absence of any objections, the Court accepts Judge McCarthy's recommendation.

Thus, for the reasons in the R&R, Defendants' motion to dismiss as to Plaintiff's Second, Fourth, and Fifth Causes of Action is GRANTED. Defendants' motion to dismiss as to Plaintiff's First and Third Due Process Causes of Action against

Defendants Barhite, Ciulla, and Annucci in their individual capacities is DENIED.

Any other named Defendants are DISMISSED from this action. The case is referred

back to Judge McCarthy consistent with the February 6, 2025 referral order. *See* Dkt.

22.

SO ORDERED.

Dated:          November 18, 2025
                Buffalo, New York


                                    _____
                                    JOHN L. SINATRA, JR.
                                    UNITED STATES DISTRICT JUDGE